# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Leighton Martin Curtis, ) | |
| ) | Civil Action No.: 6:17-cv-01632-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, proceeding *pro se*, brought this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), filed on July 20, 2017, recommending that Petitioner's action, (ECF No. 1), be dismissed without prejudice and without requiring Respondent to file a return. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by August 3, 2017. (ECF No. 8.) Petitioner informed the court on July 18, 2017, that the Petitioner was placed into transit and was no longer being held at the Estill Federal Correctional Institution. (ECF No. 10.) Petitioner filed no objections.[1]

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). It is therefore **ORDERED** that Plaintiff's action, (ECF No. 1), be **DISMISSED** without prejudice.

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[1] Subsequent to the filing of the Magistrate Judge's Report, the Petitioner filed a Motion to Dismiss without Prejudice on August 11, 2017. (ECF No. 11.)

(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 22, 2017
Columbia, South Carolina